IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN BLATTLER,

                     Plaintiff,

  v.                                             OPINION and ORDER

BRETT SCHNEIDER and SCHNEIDER ELECTRIC,         23-cv-536-jdp

                     Defendants.

---

Plaintiff Brian Blattler, appearing pro se, alleges that defendants Brett Schneider and Schneider Electric have stolen vehicles and other property from him. Blattler seeks leave to proceed in forma pauperis and the court has already allowed him to proceed without prepayment of any amount of the filing fee. Dkt. 5.

The next step is for me to screen Blattler's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Blattler's complaint doesn't state any federal claims for relief and he fails to show that this court can exercise diversity jurisdiction over his state law claims. I will give Blattler a chance to supplement his complaint to assert defendants' citizenship.

ANALYSIS

Blattler's allegations are somewhat difficult to understand, but I take him to be saying that defendant Schneider Electric and its owner Brett Schneider have stolen trucks and other equipment or other property belonging to Blattler. Blattler attaches records from a state-court small claims action he filed against Brett Schneider that was dismissed for lack of proper service.

This court cannot review the state court's decision in his small claims action. And it is unlikely that it can consider his claim directly about defendants stealing his property. This federal court cannot hear every type of case that a plaintiff might wish to bring. *See Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the plaintiff raises a federal question or establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Blattler's allegations do not support any claim under federal law. They might support a Wisconsin-law claim for conversion, but Blattler fails to show that he and defendants are citizens of different states. Blattler alleges that he is a Wisconsin citizen but he does not state the citizenships of either Schneider Electric or Brett Schneider. I will give Blattler a short time to file a supplement to his complaint explaining defendants' citizenship. If Blattler fails to respond by the deadline below, I will dismiss the case.

ORDER

IT IS ORDERED that plaintiff Brian Blattler may have until October 22, 2023, to submit a supplement to the complaint alleging defendants' citizenship.

Entered September 25, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge